32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone BAUSLEY, Defendant-Appellant.
 No. 94-5058.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided July 21, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-93-181)
 S. Mason Preston, Preston & Weese, L.C., Lewisburg, WV, for appellant.
 Rebecca A. Betts, U.S. Atty., Michael O. Callaghan, Asst. U.S. Atty., Charleston, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone Bausley was convicted by a jury of conspiracy to distribute crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), and of six counts of distribution of crack cocaine, 21 U.S.C.A.Sec. 841 (West 1981 & Supp.1994). He asserts on appeal that the district court erred in finding that he obstructed justice by testifying falsely in his own defense at trial, U.S.S.G. Sec. 3C1.1,* and in finding that he was not a minor participant. U.S.S.G. Sec. 3B1.2. We affirm.
 
 
 2
 Bausley acted as the middleman in six controlled buys of crack which were made by two confidential informants and an undercover agent. All were recorded. Both informants and the undercover agent testified at trial, as did Jackqueline Penn, one of the dealers from whom Bausley got the crack he sold.
 
 
 3
 Bausley testified that he never sold crack. He said he was an alcoholic, had nothing to do with drugs, and was being framed. He said he did not know what was in the packages he handled, and thought the money he returned to the Penns was for gambling debts.
 
 
 4
 At sentencing, defense counsel argued that Bausley had not willfully attempted to obstruct justice, but had testified as well as his alcoholism and faulty memory permitted. He also argued that Bausley was much less culpable than his co-defendants.
 
 
 5
 Before making an adjustment under section 3C1.1 based on the defendant's false testimony in his own defense, the district court must make an independent finding that the defendant willfully testified falsely concerning a material matter. United States v. Dunnigan, 61 U.S.L.W. 4180, 4183 (U.S.1993). The district court here found that Bausley had deliberately denied participation in any of the controlled buys, not through confusion, mistake, or faulty memory, but willfully. Its finding complies with Dunnigan and is well supported by the record. We find no error. Moreover, the district court did not clearly err in its factual determination that Bausley was more than a minor participant in the offense.
 
 
 6
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)